[Cite as *Hancock Cty. Treasurer v. Barger*, 2023-Ohio-1707.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

J. STEVE WELTON, HANCOCK
COUNTY TREASURER,

     PLAINTIFF-APPELLEE,          CASE NO. 5-22-30

     v.

ANNE M. BARGER,

     DEFENDANT-APPELLANT,
     -and-

CHRISTINA MURYN AS MAYOR,     O P I N I O N
CITY OF FINDLAY, ET AL.,

     THIRD-PARTY DEFENDANTS-
     APPELLEES.

**Appeal from Hancock County Common Pleas Court**
**Trial Court No. 2019 F 00338**

**Judgment Affirmed**

**Date of Decision:  May 22, 2023**

APPEARANCES:

     *G Q Buck Vaile* **for Appellant**

     *Robert E. Feighner, Jr.* **for Appellee City of Findlay**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Anne M. Barger ("Barger") brings this appeal from the judgment of the Court of Common Pleas of Hancock County denying her motion for attorney fees. Barger claims on appeal that she should have been granted an award of attorney fees. For the reasons set forth below, the judgment is affirmed.

{¶2} This case arises out of Barger's failure to pay assessments added to her real estate taxes for the City of Findlay cutting her grass. On September 9, 2019, the plaintiff-appellant J. Steve Welton ("Welton"), acting in his capacity as Hancock County Treasurer, filed a complaint for foreclosure on the real estate owned by Barger. Service of the complaint was unsuccessful and the county prosecutor was notified of such. On October 15, 2019, an amended complaint for foreclosure was filed and service was sent via ordinary mail. Barger filed an answer to the complaint on February 27, 2020. Barger also filed a third party complaint against the City of Findlay ("City"). Barger eventually claimed that the City had failed to properly serve her regarding the City's intent to mow the grass as required by Ordinance 521.07. Since Barger did not reside within the Findlay City limits, the notice was required to be sent via certified mail, or through publication if the address is unknown. R.C. 731.05. Barger's primary argument was that the City did not comply with the statutory service requirements. Barger argued that the failure to

properly serve her notice prevented the City from charging her for the mowing of the grass and subsequently adding it to her tax bill.

**{¶3}** On February 10, 2022, a consent judgment entry was filed indicating that Barger, Welton, and the City had reached a settlement. Per the agreement, the special assessments resulting from the cost of mowing Barger's property which the City added to Barger's real estate taxes were removed. The entry reserved Barger's right to request attorney fees from the City. Finally, the entry granted an order of foreclosure to Welton for the remainder of the outstanding taxes owed. Barger then filed a motion for a hearing regarding the award of attorney fees. The trial court held a hearing on attorney fees on April 29, 2022. Subsequently, the trial court entered judgment on May 10, 2022, denying the request for attorney fees on the grounds that there was no authority to support Barger's claim that she was entitled to attorney fees so she could only recover if the City's actions imposing the special assessments and continuing the suit were frivolous. The trial court determined the record did not support a finding of frivolous conduct. Barger appealed from that judgment and on appeal raised the following assignments of error.

## First Assignment of Error

**The [trial court] ruled incorrectly when it denied [Barger] an award of attorney fees because the city's actions were by definition frivolous.**

### Second Assignment of Error

**The [trial court] incorrectly denied [Barger] an award of attorney fees because the City maintained the lawsuit violating [Barger's] due process for more than two years after being notified of their deficiency in service.**

### Third Assignment of Error

**The [trial court] failed to provide attorney fees even though the parties specifically reserved the right of [Barger] to request these fees in the consent judgment entry.**

### Fourth Assignment of Error

**The [trial court] erred when it failed to award [Barger] attorney fees, which action was inequitable and unjust.**

### Fifth Assignment of Error

**The [trial court] ruled improperly, in that public policy in this case favors the award of attorney fees to avoid a very significant chilling effect.**

As all of the assignments of error argue that the trial court erred by failing to award attorney fees, we will address them together.

{¶4} When addressing the claim for attorney fees, the first step is to determine whether a party is entitled to recover attorney fees. Once a party establishes that an award of attorney fees is appropriate, the court then determines if the fees requested are reasonable. In general, Ohio follows the American rule, which does not permit a prevailing party to recover attorney fees. *Cruz v. English Nanny & Governess School*, 169 Ohio St.3d 716 2022-Ohio-3586, 207 N.E.3d 742. There are three well-established exceptions to this rule: 1) a statutory duty to pay

attorney fees; 2) a party has acted in bad faith; and 3) a contractual duty to pay attorney fees. *Id.* at ¶ 36. In this case, there is no specific statutory duty to pay attorney fees. Thus, that exception does not apply.

{¶5} The second exception to the American rule is Barger's claim that the City acted in bad faith. Barger argues that the city acted in bad faith by engaging in frivolous conduct. R.C. 2323.51 sets forth when an award of attorney fees may be made as a sanction for frivolous conduct.

(2) "Frivolous conduct" means either of the following:

(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

(b) An inmate's commencement of a civil action or appeal against a government entity or employee when any of the following applies:

(i) The claim that is the basis of the civil action fails to state a claim or the issues of law that are the basis of the appeal fail to state any issues of law.

(ii) It is clear that the inmate cannot prove material facts in support of the claim that is the basis of the civil action or in support of the issues of law that are the basis of the appeal.

(iii) The claim that is the basis of the civil action is substantially similar to a claim in a previous civil action commenced by the inmate or the issues of law that are the basis of the appeal are substantially similar to issues of law raised in a previous appeal commenced by the inmate, in that the claim that is the basis of the current civil action or the issues of law that are the basis of the current appeal involve the same parties or arise from the same operative facts as the claim or issues of law in the previous civil action or appeal.

R.C. 2323.51(A)(2). A party adversely affected by frivolous conduct may file a motion for an award of reasonable attorney fees. R.C. 2323.51(B)(1). If the trial court finds that the opposing party engaged in frivolous conduct, it may award attorney fees to the moving party. *Id.*

When the question regarding what constitutes frivolous conduct calls for a legal determination, such as whether a claim is warranted under existing law, an appellate court is to review the frivolous conduct determination de novo, without deference to the trial court's decision. * * *

"In contrast, if there is no disputed issue of law and the question is factual, we apply an abuse of discretion standard of review." * * * Likewise, if the trial court determines that a violation under R.C. 2323.51 or Civ.R. 11 exists, the trial court's imposition of sanctions for said violation will not be disturbed absent an abuse of discretion. (Citation omitted).

*Reddy v. Singh*, 3d Dist. Marion No. 9-14-29, 2015-Ohio-1180, ¶ 67-68. "In determining whether a claim itself is frivolous under the statute, the test is whether no reasonable lawyer would have brought the action in light of the existing law." *Id*. at ¶ 71.

{¶6} In this case, Barger alleges that the City's frivolous conduct was not admitting the failure of service earlier and requiring her to extend her suit. Barger claims that the City should have known it did not perfect service when it had no record of certified mail or of publication. Barger also claims that the two and a half year delay between the filing of the third party complaint and the time when the City conceded the lack of service caused unnecessary delay and a needless increase in the cost of litigation. A review of the record shows that at the hearing, the City's attorney gave a professional statement that for the majority of the case, the City was under the impression that a certified mail document had been sent to Barger. Once the City realized it had no evidence in the record of proper service, the City agreed to the consent entry removing the fees from Barger's real estate taxes.

{¶7} The question before the trial court in this case is not a legal one, but rather a factual one: Did the City unnecessarily delay the proceedings? Since it is a factual question, the standard of review is abuse of discretion. The professional statement of the City's counsel showed that the City did not act for the improper purpose of causing unnecessary delay, but rather because the City had a good faith belief that it had properly served Barger with notice of the need to mow her property.

As the trial court's determination that the City did not engage in frivolous conduct is supported by some competent, credible evidence in the record, this Court does not find it to be an abuse of discretion.

{¶8} Barger also argues that there was a contractual agreement in the consent entry for the City to pay her attorney fees. This claim is based upon the language of the entry, which permitted Barger to request a hearing on attorney fees. However, the specific language does not guarantee attorney fees, but instead states as follows.

> Within Sixty (60) days of the filing of this Consent Judgment Entry, [Barger] may file a request for an award of attorney fees expended in the defense of this action relative to the Three thousand Three hundred Eight and 28/100 Dollars ($3,380.28) [sic] that is to be removed from the tax duplicate, and is not owed by the Defendant property owner personally to the City, nor shall it be a lien upon the real property. If such a request is filed, a convenient time for a hearing before the Court shall be determined by the Court in conjunction with counsel for the parties.

Doc. 51 at 3. The consent entry does not agree that an attorney fee award will be granted, only that Barger may request a hearing on the issue. Thus there is no contractual agreement for the City to pay attorney fees.

{¶9} Having determined that no exception to the American rule is present in this case, Barger is not entitled to an award of attorney fees. For this reason, the assignments of error are overruled.

{¶10} Having found no error prejudicial to the Appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Hancock County is affirmed.

*Judgment Affirmed*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**